UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80053-DIMITROULEAS/MCCABE(s)
18 U.S.C. § 1201(c)
18 U.S.C. § 1201(a)(1)
18 U.S.C. § 1951(a)
18 U.S.C. § 2119(1)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 2314
18 U.S.C. § 924(d)(1)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(5)
21 U.S.C. § 853

UNITED STATES OF AMERICA

v.

ANTHONY WILLIAM LAMAR,
 a/k/a "Mojo,"
 a/k/a "mojo.set.it.off,"
RAHSAAN ROLAND ROBINSON,
 a/k/a "Loso,"
 a/k/a "ggorillachildloso,"
DILLON RENEE POLANCO,
 a/k/a "Dee,"
 a/k/a "deemigo_6,"
 a/k/a "bigdawgmigo_6,"
 and
GEOVANNI GABRIEL VAZQUEZ,

 Defendants.
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

## COUNT 1
(Conspiracy to Commit Kidnapping)

In or around December 2020, the exact date being unknown to the Grand Jury, and continuing through on or about December 14, 2020, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**ANTHONY WILLIAM LAMAR,**
a/k/a "Mojo,"
a/k/a "mojo.set.it.off,"
and
**RAHSAAN ROLAND ROBINSON,**
a/k/a "Loso,"
a/k/a "ggorillachildloso,"

did knowingly and willfully combine, conspire, confederate, and agree with each other, Darwin Avila Salgado, a/k/a, "Debo," a/k/a, "drawdown_bo1," a/k/a "bo_jackzon," and other persons, known and unknown to the Grand Jury, to knowingly and unlawfully seize, confine, kidnap, abduct, and carry away any person, and hold that person for ransom and reward and otherwise, and travel in interstate commerce, and use any means, facility, and instrumentality of interstate and foreign commerce in committing and in furtherance of the commission of the offense of kidnapping, in violation of Title 18, United States Code, Section 1201(a)(1).

## Object of the Conspiracy

It was the purpose and object of the conspiracy for the defendants to intimidate another person and to obtain United States currency to unlawfully enrich themselves and others.

## Overt Acts

In furtherance of the conspiracy and to achieve the object thereof, at least one of the conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. On or about December 9, 2020, Darwin Avila Salgado and **ANTHONY WILLIAM LAMAR** traveled from Cleveland, Ohio, to Fort Lauderdale, Florida aboard Spirit Airlines.

2. On or about December 10, 2020, **RAHSAAN ROLAND ROBINSON** traveled from Oakland, California, to Miami, Florida, aboard Southwest Airlines.

3. On or about December 11, 2020, Darwin Avila Salgado, purchased a firearm, that is, a Palmetto State Armory, Model PA-15, AR-15 style semiautomatic assault weapon in Florida.

4. On or about December 9, 2020, Darwin Avila Salgado, directed that another person known to the Grand Jury, rent a residence located in West Palm Beach, Florida, listed on www.airbnb.com, using the internet.

5. On or about December 13, 2020, Darwin Avila Salgado, directed that another person known to the Grand Jury, extend the rental of a residence located in West Palm Beach, Florida, listed on www.airbnb.com, using the internet.

6. On or about December 14, 2020, **ANTHONY WILLIAM LAMAR** sent an electronic communication to Victim #1 with the address to the Airbnb residence located in West Palm Beach, Florida.

7. On or about December 14, 2020, Darwin Avila Salgado, **ANTHONY WILLIAM LAMAR,** and **RAHSAAN ROLAND ROBINSON**, physically assaulted Victim #1 and Victim #2 inside the Airbnb residence in West Palm Beach, Florida.

8. On or about December 14, 2020, Darwin Avila Salgado, **ANTHONY WILLIAM LAMAR,** and **RAHSAAN ROLAND ROBINSON**, restrained Victim #1 and Victim #2 using tape and plastic ties inside the Airbnb residence in West Palm Beach, Florida.

9. On or about December 14, 2020, Darwin Avila Salgado, a/k/a, "Debo," a/k/a, "drawdown_bo1," **ANTHONY WILLIAM LAMAR, and RAHSAAN ROLAND ROBINSON**, placed Victim #1 in the back of Victim #1 motor vehicle while restrained.

10. On or about December 14, 2020, Darwin Avila Salgado, **ANTHONY WILLIAM**

**LAMAR, and RAHSAAN ROLAND ROBINSON**, placed Victim #2 inside the trunk of Victim #1 motor vehicle while restrained.

11. On or about December 14, 2020, Darwin Avila Salgado, **ANTHONY WILLIAM LAMAR, and RAHSAAN ROLAND ROBINSON**, used Victim #1's motor vehicle to transport Victim #1 and Victim #2 from the Airbnb residence in West Palm Beach, Florida, to Belle Glade, Florida.

All in violation of Title 18, United States Code, Section 1201(c).

## COUNT 2
### (Kidnapping)

On or about December 14, 2020, in Palm Beach County, in the Southern District of Florida, the defendants,

**ANTHONY WILLIAM LAMAR,**
a/k/a "Mojo,"
a/k/a "mojo.set.it.off,"
**RAHSAAN ROLAND ROBINSON,**
a/k/a "Loso,"
a/k/a "ggorillachildloso,"
and
**DILLON RENEE POLANCO,**
a/k/a "Dee,"
a/k/a "deemigo_6,"
a/k/a "bigdawgmigo_6,"

did willfully and unlawfully seize, confine, kidnap, abduct, and carry away a person, that is, Victim #1 and Victim #2, and hold that person for ransom and reward and otherwise, having travelled in interstate commerce, and using any means, facility, and instrumentality of interstate and foreign commerce in committing and in furtherance of the commission of the offense, in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

4

## COUNT 3
**(Conspiracy to Commit Hobbs Act Robbery)**

In or around December 2020, the exact date being unknown to the Grand Jury, and continuing through on or about February 8, 2021, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**ANTHONY WILLIAM LAMAR,**
a/k/a "Mojo,"
a/k/a "mojo.set.it.off,"
**RAHSAAN ROLAND ROBINSON,**
a/k/a "Loso,"
a/k/a "ggorillachildloso,"
and
**DILLON RENEE POLANCO,**
a/k/a "Dee,"
a/k/a "deemigo_6,"
a/k/a "bigdawgmigo_6,"

did knowingly and willfully combine, conspire, confederate, and agree with each other, Darwin Avila Salgado, a/k/a, "Debo," a/k/a, "drawdown_bo1," a/k/a "bo_jackzon," and other persons known and unknown to the Grand Jury, to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951(b)(1) and (b)(3), in that the defendants did unlawfully plan to take property and United States currency from the person and in the presence of an individual believed to be engaged in business of marijuana trafficking, against the will of that individual, and by means of actual and threatened force, violence, and fear of injury to said individual and to others, in violation of Title 18, United States Code, Section 1951(a).

## COUNT 4
### (Hobbs Act Robbery)

On or about December 14, 2020, in the Southern District of Florida, the defendants,

**ANTHONY WILLIAM LAMAR,**
a/k/a "Mojo,"
a/k/a "mojo.set.it.off,"
**RAHSAAN ROLAND ROBINSON,**
a/k/a "Loso,"
a/k/a "ggorillachildloso,"
and
**DILLON RENEE POLANCO,**
a/k/a "Dee,"
a/k/a "deemigo_6,"
a/k/a "bigdawgmigo_6,"

did knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951(b)(1) and (b)(3), in that the defendants did take property and United States currency from the person and in the presence of an individual engaged in the business of marijuana trafficking, against the will of that individual, by means of actual and threatened force, violence, and fear of injury to said individual and to others, in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT 5
### (Carjacking)

On or about December 14, 2020, in Palm Beach County, in the Southern District of Florida, the defendants,

**ANTHONY WILLIAM LAMAR,**
a/k/a "Mojo,"
a/k/a "mojo.set.it.off,"
**RAHSAAN ROLAND ROBINSON,**
a/k/a "Loso,"
a/k/a "ggorillachildloso,"

6

and
**DILLON RENEE POLANCO,**
a/k/a "Dee,"
a/k/a "deemigo_6,"
a/k/a "bigdawgmigo_6,"

with intent to cause death and serious bodily harm, did take a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, that is, a 2020 Dodge Challenger, from the person and presence of another by force and violence, and by intimidation, in violation of Title 18, United States Code, Sections 2119(1) and 2.

## COUNT 6
### (Use of a Firearm During and in Furtherance of a Crime of Violence)

On or about December 14, 2020, in Palm Beach County, in the Southern District of Florida, the defendants,

**ANTHONY WILLIAM LAMAR,**
a/k/a "Mojo,"
a/k/a "mojo.set.it.off,"
**RAHSAAN ROLAND ROBINSON,**
a/k/a "Loso,"
a/k/a "ggorillachildloso,"
and
**DILLON RENEE POLANCO,**
a/k/a "Dee,"
a/k/a "deemigo_6,"
a/k/a "bigdawgmigo_6,"

did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1951(a), as set forth in Count 4 of this Superseding Indictment, and a violation of Title 18, United States Code, Section 2119(1), as set forth in Count 5 of this Superseding Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii), it is further alleged that the firearm was brandished.

Pursuant to Title 18, United States Code, Section 924(c)(1)(B), it is further alleged that the firearm was a semiautomatic assault weapon.

## COUNT 7
### (Possession of a Firearm by Prohibited Person – Convicted Felon)

On or about December 14, 2020, in Palm Beach County, in the Southern District of Florida, the defendant,

**ANTHONY WILLIAM LAMAR,**
**a/k/a "Mojo,"**
**a/k/a "mojo.set.it.off,"**

did knowingly possess a firearm, in and affecting interstate and foreign commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that the firearm is one (1) Palmetto State Armory, Model PA-15, multi-caliber semi-automatic assault weapon.

## COUNT 8
### (Interstate Transportation of Stolen Money)

Beginning on or about December 14, 2020, and continuing through on or about February 8, 2021, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**ANTHONY WILLIAM LAMAR,**
**a/k/a "Mojo,"**
**a/k/a "mojo.set.it.off,"**
**RAHSAAN ROLAND ROBINSON,**
**a/k/a "Loso,"**
**a/k/a "ggorillachildloso,"**

8

DILLON RENEE POLANCO,
a/k/a "Dee,"
a/k/a "deemigo_6,"
a/k/a "bigdawgmigo_6,"
and
GEOVANNI GABRIEL VAZQUEZ,

did knowingly transport and transfer in interstate commerce any money, valued at $5,000 or more, knowing the same to have been stolen and converted, in violation of Title 18, United States Code, Sections 2314 and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **ANTHONY WILLIAM LAMAR, RAHSAAN ROLAND ROBINSON, DILLON RENEE POLANCO** and **GEOVANNI GABRIEL VAZQUEZ**, have an interest.

2. Upon a conviction of a violation, of Title 18, United States Code, Sections 1201, 1951, or 2314, as alleged in this Superseding Indictment, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 2119, as alleged in this Superseding Indictment, the defendants shall forfeit to the United States any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such offense, pursuant to Title 18, United States Code, Section 982(a)(5).

4. Upon conviction of a violation of Title 18, United States Code, Sections 2119, 922

9

and 924, or any other criminal laws of the United States, as alleged in this Superseding Indictment, the defendants shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

All pursuant to Title 18, United States Code, Sections 924(d)(1), 981(a)(1)(C), and 982(a)(5), and Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_Anthony W. Lacosta for_
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_[signature]_
ADAM C. McMICHAEL
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 22-cr-80053-Dimitrouleas/McCabe(s)

v.

Anthony William Lamar, et al.,

_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) Yes
Number of New Defendants 2
Total number of counts 1

**Court Division** (select one)
☐ Miami    ☐ Key West    ☐ FTP
☐ FTL       ☒ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __14__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)
   I    ☐ 0 to 5 days                  ☐ Petty
   II   ☐ 6 to 10 days                 ☐ Minor
   III  ☒ 11 to 20 days                ☐ Misdemeanor
   IV   ☐ 21 to 60 days                ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) Yes
   If yes, Judge Dimitrouleas    Case No. 22-cr-80053-WPB
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 22-8071-BER, 23-8455-BER
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of 9/21/2023 as to Polanco and Vazquez
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Adam C. McMichael
Assistant United States Attorney
FL Bar No.    0772321

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Anthony William Lamar, a/k/a "Mojo," and "mojo.set.it.off,"

**Case No:** 22-CR-80053-DIMITROULEAS/MCCABE(s)

Count #: 1

Conspiracy to Commit Kidnapping

18 U.S.C. § 1201(c)
* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Count #: 2

Kidnapping

18 U.S.C. §§ 1201(a)(1) and (2)
* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Count #: 3

Conspiracy to Commit Hobbs Act Robbery

18 U.S.C. §§ 1951(a) and 2
* **Max. Term of Imprisonment:** 20 years
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 4

Hobbs Act Robbery

18 U.S.C. §§ 1951(a) and 2
* **Max. Term of Imprisonment:** 20 years
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 5

Carjacking

18 U.S.C. §§ 2119(1) and 2

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

| | |
|---|---|
| * Max. Term of Imprisonment: | 15 years |
| * Max. Supervised Release: | 3 years |
| * Max. Fine: | $250,000 |

Count #: 6

Use of a Firearm During and in Furtherance of a Crime of Violence

18 U.S.C. § 924(c)(1)(A)

| | |
|---|---|
| * Max. Term of Imprisonment: | 10 years to life imprisonment (consecutive) |
| * Max. Supervised Release: | 5 years |
| * Max. Fine: | $250,000 |

Count #: 7

Possession of a Firearm by a Prohibited Person – Convicted Felon

18 U.S.C. § 922(g)(1)

| | |
|---|---|
| * Max. Term of Imprisonment: | 10 years |
| * Max. Supervised Release: | 3 years |
| * Max. Fine: | $250,000 |

Count #: 8

Transportation of Stolen Money

18 U.S.C. §§ 2314 and 2

| | |
|---|---|
| * Max. Term of Imprisonment: | 10 years |
| * Max. Supervised Release: | 3 years |
| * Max. Fine: | $250,000 |

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Rahsaan Roland Robinson, a/k/a "Loso," and "ggorillachildloso"

Case No: 22-CR-80053-DIMITROULEAS/MCCABE(s)

Count #: 1

Conspiracy to Commit Kidnapping

18 U.S.C. § 1201(c)
* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Count #: 2

Kidnapping

18 U.S.C. §§ 1201(a)(1) and (2)
* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Count #: 3

Conspiracy to Commit Hobbs Act Robbery

18 U.S.C. §§ 1951(a) and 2
* **Max. Term of Imprisonment:** 20 years
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 4

Hobbs Act Robbery

18 U.S.C. §§ 1951(a) and 2
* **Max. Term of Imprisonment:** 20 years
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 5

Carjacking

18 U.S.C. §§ 2119(1) and 2

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

| | |
|---|---|
| * Max. Term of Imprisonment: | 15 years |
| * Max. Supervised Release: | 3 years |
| * Max. Fine: | $250,000 |

Count #: 6

Use of a Firearm During and in Furtherance of a Crime of Violence

18 U.S.C. § 924(c)(1)(A)

| | |
|---|---|
| * Max. Term of Imprisonment: | 10 years to life imprisonment (consecutive) |
| * Max. Supervised Release: | 5 years |
| * Max. Fine: | $250,000 |

Count #: 8

Transportation of Stolen Money

18 U.S.C. §§ 2314 and 2

| | |
|---|---|
| * Max. Term of Imprisonment: | 10 years |
| * Max. Supervised Release: | 3 years |
| * Max. Fine: | $250,000 |

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Dillon Renee Polanco, a/k/a "Dee," a/k/a "deemigo_6," and a/k/a "bigdawgmigo_6"

Case No: 22-CR-80053-DIMITROULEAS/MCCABE(s)

Count #: 2

Kidnapping

18 U.S.C. §§ 1201(a)(1) and (2)
* **Max. Term of Imprisonment:**   Life
* **Max. Supervised Release:**   5 years
* **Max. Fine:**   $250,000

Count #: 3

Conspiracy to Commit Hobbs Act Robbery

18 U.S.C. §§ 1951(a) and 2
* **Max. Term of Imprisonment:**   20 years
* **Max. Supervised Release:**   3 years
* **Max. Fine:**   $250,000

Count #: 4

Hobbs Act Robbery

18 U.S.C. §§ 1951(a) and 2
* **Max. Term of Imprisonment:**   20 years
* **Max. Supervised Release:**   3 years
* **Max. Fine:**   $250,000

Count #: 5

Carjacking

18 U.S.C. §§ 2119(1) and 2
* **Max. Term of Imprisonment:**   15 years
* **Max. Supervised Release:**   3 years
* **Max. Fine:**   $250,000

\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

Count #: 6

Use of a Firearm During and in Furtherance of a Crime of Violence

18 U.S.C. § 924(c)(1)(A)
* **Max. Term of Imprisonment:** 10 years to life imprisonment (consecutive)
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Count #: 8

Transportation of Stolen Money

18 U.S.C. §§ 2314 and 2
* **Max. Term of Imprisonment:** 10 years
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Geovanni Gabriel Vazquez

**Case No:** 22-CR-80053-DIMITROULEAS/MCCABE(s)

Count #: 8

Transportation of Stolen Money

18 U.S.C. § 2314

| | |
|---|---|
| * Max. Term of Imprisonment: | 10 years |
| * Max. Supervised Release: | 3 years |
| * Max. Fine: | $250,000 |

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.