UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80053-DIMITROULEAS

UNITED STATES OF AMERICA

        Plaintiff,

Vs.

ANTHONY WILLIAM LAMAR

        Defendant.

_____/

## SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE PURSUANT TO 18 U.S.C. SECTION 3553(a)

COMES NOW the Defendant, ANTHONY LAMAR by and through his undersigned attorney, and respectfully files the following Memorandum and Request for Downward Variance pursuant to 18 U.S.C. Section 3553 (a), and hereby states the following:

Based upon the factors set forth in 18 U.S.C. Section 3553(a), and those grounds set forth in this memorandum, ANTHONY LAMAR, respectfully requests this Court to impose a non-guideline sentence and grant a downward variance from the present estimated guideline imprisonment range of 188 to 235 months to followed by a mandatory consecutive term of 84 months imprisonment as to Count Six of the Second Superseding Indictment. The Defendant would contend that the bottom guideline range and sentence of 272 months is excessive and substantially over represents a fair, reasonable and necessary punishment for the offense that he has committed. For the reasons stated below, LAMAR would submit that a variance from the advisory guideline sentencing range and mandatory consecutive sentence should be granted and an alternative sentence below the guidelines should be imposed for him. The Defendant would

1

contend that the guideline computations and consecutive mandatory sentence are excessively harsh for the instant offense and impose a potential sentence upon the Defendant that is greater than necessary to achieve the mandates of sentencing outlined in 18 U.S.C. Section 3553(a).

On February 7, 2024, ANTHONY LAMAR pled guilty to Counts One, Two, Four, Six, and Seven of an eight count Second Superseding Indictment. Count One charging him with Conspiracy to Commit Kidnapping, in violation of 18 U.S.C. §1201(c); Count Two charging him with Kidnapping in violation of 18 U.S.C. §1201(a)(1); Count Four charging Hobbs Act robbery, in violation of 18 U.S.C §1951(a); Count Six charging him with Brandishing a Firearm during and in Furtherance of a Crime of Violence in violation of 18 U.S.C. §924(c)(1)(A)(ii); and Count Seven charged possession of a firearm by a convicted felon, in violation of 18 U.S.C. 922(g)(1). The Presentence Investigation Report prepared in this matter places the Total Advisory Guideline Offense Level at 32 with a Criminal History Category of , exposing him to a Guideline Imprisonment Range of 188 to 235 months to be followed by a mandatory consecutive term of 84 months in prison as to Count Six. Sentencing in this matter is scheduled before your Honor on April 29,2024.

## SENTENCING AFTER *BOOKER*
## LEGAL STANDARD/SENTENCING FACTORS

In accordance with the decision in United States v. Booker, 543 U.S. 220 (2005), Kimbrough v. United States, 552 U.S. 85(2007), Rita v. United States, 551 U.S. 338 (2007), Gall v. United States, 552 U.S. 38(2007), Nelson v. United States, 129 S.Ct.. 890 (2009) (per curiam), Spears v. United States, 555 U.S. 261 (2009) and the provisions of 18 U.S.C. § 3553(a), this Court shall consider the following criteria in imposing a sentence that is sufficient, but not greater than necessary to achieve the mandates of sentencing. These factors include: (1) the

2

nature and the circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) To protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Id. Additionally, the court needs to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. An analysis of these §3553 factors, when viewed together in this case clearly warrants a downward variance from the advisory sentencing guidelines.

**PLEA AGREEMENT**

On February 7, 2024, the Defendant, ANTHONY LAMAR, plead guilty before your Honor pursuant to a plea agreement [DE133] which was ratified by the Court. The agreement was drafted with the input of Adam McMichael and Shannon Darsch, the Assistant United States Attorneys assigned to the prosecution of all of the defendants in this matter. Several weeks before the plea agreements were executed, a meeting took place with myself, Michael Entin, attorney for co-defendant Rashaan Lamar, defendants Lamar and Lamar, the prosecutors, agents and several others to review the evidence and discuss prospective resolutions of the respective cases. The guidelines were reviewed and verbal representations as to their applicability were made which are memorialized in the plea agreements of Lamar and Lamar. Specifically, the agreed upon guideline recommendations are outlined as follows in Paragraphs 11,12, and 13 of Plea Agreement [DE133]:

11.  The United States and the defendant agree, although not binding on the Court or Probation that the following guideline calculations apply to this defendant: <u>Offense level</u>: the defendant's offense level is 33 under U.S.S.G. §2 A4.1(b)(7)(B)

12.  The United States and the defendant agree, although not binding on the Court or Probation, that the following sentencing enhancements do not apply to this defendant:

a. ransom demand enhancement under U.S.S.G. §2A4.1(b)(1), and

b. aggravating role enhancement under U.S.S.G. §3B1.

13.  The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this motion or these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to the entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any entity or official.

Based on the foregoing and discussions with both prosecutors, it was jointly agreed upon that the Defendant's guideline range would be a final Total Advisory Guideline Offense Level of 30, which included a three-level reduction for "Acceptance of Responsibility" pursuant to Section 3E1.1(a) that is outlined above in Paragraph 13 of the agreement.
 Based on his criminal history, it was contemplated that he would be at a Total Guideline Advisory Offense Level of 30 with a Criminal History Category of VI that would place  him in

an Imprisonment range of 168-210 months to be followed by a mandatory consecutive term of 84 months imprisonment as to Count Six.

It was never contemplated nor discussed that the Defendant's offense level would be increased pursuant to the "Grouping Section" outlined in 3D1.4 of the Federal Sentencing Guidelines. The present guideline calculations from probation include additional levels for an uncharged "victim" during the criminal episode. Although the calculations for additional levels pursuant to 3D1.4 may be applicable, a variance should be considered by the Court based on the understandings of the parties, the plea agreement and the failure to include this increase in the calculations of Co-Defendant Salgado's guideline calculations which were determined to be at a final offense level of 29. It is requested that the court take this into account and resolve this inequity by granting a downward variance.

## Sentencing Disparity of Co-Defendant Salgado

Co-Defendant, Darwin Avila Salgado plead guilty before your Honor on September 19, 2023 to Counts One, Two, Four, and Six of the initial indictment in this cause. Both Salgado and Lamar have admitted to the same offenses and had similar participation in the criminal activity with some exceptions noted below. On February 3, 2023, Salgado was sentenced by this Court to a term of imprisonment of 108 months to be followed by a mandatory consecutive sentence as to Count Six, Brandishing and Use of a Semiautomatic Assault Weapon During and in Furtherance of a Crime of Violence in violation of Title 18,U.S.C. 924(c)(1)(A),(c)(1)(A)(ii),(c)(1)(B), and 2. After reviewing extensive discovery in this case, it is quite clear that the role and involvement of Salgado was equal or greater to the involvement of LAMAR as to the criminal conduct during the conspiracy. Salgado had greater decision-making authority and recruited LAMAR to be a participant. Salgado was also responsible for purchasing a firearm that was used during the

offenses. He too, was present during all aspects of the criminal activity on December 14, 2020. Although, not privy to his Presentence Investigation Report, it the understanding of the undersigned that he was not assessed a two-level increase pursuant to 3D1.4 for a "second victim". Co-Defendant Salgado was also previously convicted of at least one homicide for which he went to prison.

As previously noted, Salgado's guidelines for the same offenses were determined to be a total advisory offense level of 29. Neither party nor the court had any concerns or objections to the calculations that were used. It is inherently unfair that Salgado, who had a greater role, and was charged with the same offenses, would be three guideline levels lower than Lamar.

I HEREBY CERTIFY that I have filed this Sentencing Memorandum and Request for Downward Variance pursuant to 18 U.S.C. §3553(a), with the Clerk of the United States Southern District of Florida, on this 26th day of April 2024.

Respectfully submitted,

**EDWARD D. REAGAN , P.A.**

Attorney for Defendant- Anthony Lamar

658 W. Indiantown Road, Suite 209

Jupiter, Florida 33458

Telephone: (561) 832-7443

Florida Bar No.0028215

Email: edward.d.reagan@gmail,com .

/ s/ Edward D Reagan

EDWARD D. REAGAN , ESQ.