UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80053-WPD

UNITED STATES OF AMERICA,

vs.

ANTHONY WILLIAM LAMAR,

    **Defendant.**
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through its undersigned Assistant United States Attorney, and files this Sentencing Memorandum as to Anthony William Lamar. The United States submits the following recommendations pursuant to the terms of the plea agreement:

1. The United States recommends that the defendant be sentenced within the recommended guideline range, followed by a mandatory sentence under 18 U.S.C. § 924(c). More specifically, the United States recommends that the Court structure its sentence as follows:

    a. 210 months of imprisonment as to Counts 1, 2, and 4,

    b. 120 months of imprisonment as to Count 7,

    c. 84 months of imprisonment as to Count 6, and

    d. 5 years of supervised release to follow.

2. The United States recommends that the defendant's sentence as to Count 6 be ordered to run consecutively with any other sentence, including Counts 1, 2, 4, and 7, and the defendant's previously imposed sentence in the District of Missouri.

3. The United States recommends that the defendant's sentence as to Counts 1, 2, 4, and 7 all run concurrently with each other.

4. The United States recommends that a portion of the defendant's sentence as to Counts 1, 2, 4, and 7 all run concurrently with the sentence already imposed of 180 months in the District of Missouri. The United States acknowledges that the defendant was sentenced in the District of Missouri to 60 months in prison as to an offense under 18 U.S.C. § 924(c). As such, none of the sentences imposed by this Court can be ordered to run concurrently with that term of imprisonment. *United States v. Gonzales*, 520 U.S. 1 (1997) (sentences imposed under § 924(c) shall not be served concurrently with any other state or federal sentence).

5. As to the portion of the sentence that should run concurrently, the United States recommends that 114 months of a 210-month sentence as to Counts 1, 2, and 4 should run simultaneously with the District of Missouri. That would leave an additional 96 months as to Counts 1, 2, and 4. As to Count 7, the United States recommends that 114 months also run concurrently – leaving an additional 6 months to be served.

6. Should the Court accept the government's sentencing recommendation, that is 210 months, followed by 84 months, the total sentence will be 294 months – just under 25 years in prison. By running 114 months concurrently, the defendant would be sentenced to a combined total of 35 years in both Districts (20 years in Missouri, 25 years in Florida, and approximately 10 years concurrent in both districts). The structure of this sentence also accounts for a total of 12 years that must be severed as a consecutive sentence under § 924(c) in both Missouri (60 months) and Florida (84 months).

7. The United States submits that its recommended sentence, and sentencing structure

resulting in a combined sentence in both districts of 35 years, is appropriate under the Section 3553(a) factors. This sentence will provide a serious punishment for offenses committed in two different jurisdictions and occasions, will protect the community, will take into consideration the defendant's history and circumstances, but also acknowledges his acceptance of responsibility and provides for a sentence that is not longer than necessary.

8. The United States recognizes that its estimate of the defendant's offense level and criminal history category is different then what is reflected in the PSR. The government is bond by the recommendations contained within the plea agreement. Nevertheless, the government's recommendation falls within the recommended guideline range as contained within the plea agreement, the PSR, and the objections filed by the defendant.

9. Finally, the United States has advised the victims involved in this case of the defendant's sentencing. The victims have not offered any input as to sentencing and are not seeking restitution.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

s/Adam C. McMichael
Adam C. McMichael
Assistant United States Attorney
Court No. A5501637
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1040
Adam.McMichael@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2024, the undersigned electronically filed the foregoing document, United States' Notice of Assignment, with the Clerk of the Court using CM/ECF.

s/Adam C. McMichael
ADAM C. McMICHAEL
ASSISTANT UNITED STATES ATTORNEY

## SERVICE LIST

**Edward Donald Reagan**
Edward D Reagan PA
658 West Indiantown Road
Suite 209
Jupiter, FL 33458
561-832-7443
Fax: 683-9970
Email: edward.d.reagan@gmail.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
Designation: CJA Appointment